**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy, Bar No. 241854
jduffy@morganlewis.com
Joseph V. Quattrocchi, Bar No. 257568
jquattrocchi@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendant
JPMorgan Chase Bank, N.A., *as tranferee of servicing
from EMC Mortgage LLC f/k/a EMC Mortgage Corp.,
erroneously sued as JPMorgan Chase Bank successor
by merger and/or acquisition of EMC Mortgage Corp.,
as servicer for Bank of America, National Association
as successor by merger to LaSalle Bank National
Association, as Trustee for Certificateholders of Bear
Stearns Asset Backed Securities, LLC, Asset-Backed
Certificates, Series 2007-HE3*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIDA ORTIZ and ARTURO RIVERA ORTIZ a/k/a MANUEL R. VELAZQUEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.; JPMORGAN CHASE BANK successor by merger and/or acquisition of EMC Mortgage Corp., as servicer for Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities, LLC, Asset-Backed Certificates, Series 2007-HE3; US BANK NATIONAL ASSOCIATION, as Trustee successor in interest to Bank of America National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities, LLC, Asset-Backed Certificates, Series 2007-HE3; and DOES 1 - 50, inclusive,<br><br>Defendants. | Case No. 8:14-cv-01341-JVS-JCG<br><br>**JPMORGAN CHASE BANK, N.A.'S NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P.  12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          September 29, 2014<br>Time:          1:30 p.m.<br>Judge:         Hon. James V. Selna<br>Crtrm.:        10C<br><br><br>Date of Filing:    July 9, 2014<br>Trial Date:Not yet set |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291398.1

1

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD**:

   **PLEASE TAKE NOTICE** that on September 29, 2014, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 10C, before the Honorable James V. Selna of the United States District Court, Central District of California, United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, Defendant JPMorgan Chase Bank, N.A., *as tranferee of servicing from EMC Mortgage LLC f/k/a EMC Mortgage Corp.,erroneously sued as JPMorgan Chase Bank successor by merger and/or acquisition of EMC Mortgage Corp., as servicer for Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities, LLC, Asset-Backed Certificates, Series 2007-HE3* ("JPMC") will move the Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the complaint of Plaintiffs Armida Ortiz and Arturo Rivera Ortiz a/k/a Manuel R. Velazquez ("Plaintiffs") filed on July 9, 2014 and all claims alleged against JPMC.

   The grounds for this motion are that (1) Plaintiffs have failed to state a claim against JPMC upon which relief can be granted [Fed. Rule Civ. Proc. 12(b)(6)]; (2) Plaintiffs have failed to articulate any cognizable legal theories to support their claims; (3) the defects in the complaint are such that they are incurable through amendment; and (4) Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief.  Accordingly, the complaint, and the claims brought against JPMC therein, should be dismissed with prejudice.

   The Motion will be based on this Notice of Motion, the supporting Memorandum of Points and Authorities attached hereto, the pleadings, records and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291398.1

2

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

This motion is made following discussions between Plaintiffs and JPMC pursuant to L.R. 7-3 which took place on August 27, 2014 in which the parties unsuccessfully attempted to resolve the issues raised by this motion and the supporting memorandum of points and authorities.

Dated: August 29, 2014                    MORGAN, LEWIS & BOCKIUS LLP


By: *Joseph V. Quattrocchi*
     Joseph V. Quattrocchi

Attorneys for Defendant

JPMorgan Chase Bank, N.A., JPMorgan Chase Bank, N.A., *as tranferee of servicing from EMC Mortgage LLC f/k/a EMC Mortgage Corp., erroneously sued as JPMorgan Chase Bank successor by merger and/or acquisition of EMC Mortgage Corp., as servicer for Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities, LLC, Asset-Backed Certificates, Series 2007-HE3*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291398.1

3

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ........................................................................................1

II.  LEGAL STANDARD.................................................................................2

III.  ARGUMENT ............................................................................................3

A.  The Complaint Relies On A Securitization Argument That Has Been Consistently Rejected By Courts Throughout This State............3

B.  First & Second Claims: Plaintiffs Have Failed To State A Claim Under HOBR ...................................................................................5

1.  Plaintiffs Claim That JPMC No Longer Services Their Loan And Therefore Cannot Provide Plaintiffs With The Limited Pre-Foreclosure Relief Afforded Under HOBR ..........6

2.  HOBR Did Not Take Effect Until January 1, 2013 And Is Not Applied Retroactively .........................................................7

3.  JPMC Is Exempt From Liability For Any Alleged Violations Of HOBR ...............................................................8

4.  Plaintiffs Have Failed To State A Claim For Violations Of *Cal. Civ. Code* § 2923.5.........................................................9

5.  Under *Cal. Civ. Code* § 2923.6(g), JPMC Had No Obligation To Review Plaintiffs' Subsequent And Incomplete Loan Modification Applications...........................11

6.  Plaintiffs' Allegations Are Insufficient To State A Claim For Violations Of *Cal. Civ. Code* §§ 2923.6(d) and 2924.11 ......................................................................................12

7.  Plaintiffs Have Failed To State A Claim Under *Cal. Civ. Code* § 2923.7.................................................................13

C.  Third Claim: Plaintiffs Fail To State A Claim Under *Cal. Civ. Code* § 2937...................................................................................14

D.  Fourth Claim: Plaintiffs Cannot State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing...................14

E.  Fifth Claim: Plaintiffs Cannot State A Claim Under The UCL .........17

1.  Plaintiffs Do Not Have Standing Under The UCL ..................17

2.  Plaintiffs' UCL Claim Is Ill-Pled ...........................................17

IV.  CONCLUSION ......................................................................................19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

FEDERAL CASES

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ..............................2, 3

*Benham v. Aurora Loan Services*
    2009 U.S. Dist. LEXIS 78384 (N.D. Cal. 2009)..................................................3

*Blue Chip Stamps v. Manor Drug Stores*
    421 U.S. 723 (1975)..........................................................................................8

*Bonin v. Calderon*
    59 F.3d 815 (9th Cir. 1995)............................................................................19

*Carpenter v. Longan*
    83 U.S. 271 (1873).............................................................................................3

*Catholic Answers, Inc. v. United States*
    2009 U.S. Dist. LEXIS 96070 (S.D. Cal. 2009) .............................................6

*Diunugala v. JP Morgan Chase Bank, N.A.*
    2013 U.S. Dist. LEXIS 144326 (S.D. Cal. 2013) ...........................................16

*Jurewitz v. Bank ofAm., NA.*
    2013 U.S. Dist. LEXIS 51787 (S.D. Cal. 2013) ..............................................8

*Kearns v. Ford Motor Co.*
    567 F. 3d 1120 (9th Cir. 2009).......................................................................18

*LG Infocomm U.S.A., Inc. v. Euler Am. Credit Indem. Co.*
    2004 U.S. Dist. LEXIS 13803 (S.D. Cal. 2004) ..............................................6

*McNeil v. Wells Fargo Bank, N.A.*
    2014 U.S. Dist. LEXIS 89610 (N.D. Cal. 2014)............................................10

*Miller v. Rykoff-Sexton, Inc.*
    845 F.2d 209 (9th Cir. 1988)..........................................................................19

*Morgan v. Aurora Loan Servs. LLC*
    2013 U.S. Dist. LEXIS 145623 (C.D. Cal. 2013)............................................7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001)...............................................................2

*Paulhus v. Fay Servicing, LLC*
  2014 U.S. Dist. LEXIS 74227 (E.D. Cal. 2014)...............................14

*Pugh v. JPMorgan Chase Bank, N.A.*
  2013 U.S. Dist. LEXIS 151873 (E.D. Cal. 2013)................................4

*Reyes v. GMAC Mortg., LLC*
  2011 U.S. Dist. LEXIS 40953 (D. Nev. 2011) ...............................4, 5

*Rivac v. Ndex West LLC*
  2013 U.S. Dist. LEXIS 177073 (N.D. Cal. 2013)................................5

*Rockridge Trust v. Wells Fargo*
  2013 U.S. Dist. LEXIS 139606 (N.D. Cal. 2013)................................7

*Rosenfeld v. JPMorgan Chase Bank, N.A.*
  732 F. Supp.2d 952 (N.D. Cal. 2010)...............................................15

*Sami v. Wells Fargo Bank*
  2012 U.S. Dist. LEXIS 38466 (N.D. Cal. 2012)..................................5

*Shapiro v. Bank of Am., N.A.*
  2011 U.S. Dist. LEXIS 117708 (E.D. Cal. 2011) .............................10

*U.S. v. FMC Corp.*
  531 F.3d 813 (9th Cir. 2008)...............................................................8

*United States v. Bank of America Corporation et al.*
  922 F.Supp.2d 1 (D.D.C. 2013) .........................................................8

*Wadhwa v. Aurora Loan Servs. LLC*
  2011 U.S. Dist. LEXIS 73949 (E.D. Cal. 2011)..................................3

*West v. Secretary of the DOT*
  206 F.3d 920 (9th Cir. 2000)...............................................................6

*Withers v. J.P. Morgan Chase Bank N.A.*
  2014 U.S. Dist. LEXIS 94795 (N.D. Cal. 2014)................................12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

2

**CALIFORNIA CASES**

*Busch v. Globe Indus.*
    200 Cal.App.2d 315 (1962)..............................................................16

*Cal-Tech Commc'ns., Inc. v. L.A. Cellular Tel. Co.*
    20 Cal.4th 163 (1999) ....................................................................17

*Californians for Alternative to Toxics v. California Dept. of Pesticide*
    *Regulation*
    136 Cal.App.4th 1049 (2006)..........................................................6

*Digerati Holding, LLC v. Young Money Entertainment*
    194 Cal.App.4th 873 (2011)...........................................................15

*Fontenot v. Wells Fargo Bank, NA.*
    198 Cal.App.4th 256 (2011).............................................................5

*Giles v. Horn*
    100 Cal.App.4th 206 (2002).............................................................6

*Glaski v. Bank of America, National Association*
    218 Cal.App.4th 1079 (2013)...........................................................4

*Gomes v. Countrywide Home Loans, Inc.*
    192 Cal.App.4th 1149 (2011)...........................................................3

*Guz v. Bechtel National, Inc.*
    24 Cal.4th 317 (2000) ....................................................................15

*Khoury v. Maly's of Cal., Inc.*
    14 Cal.App.4th 612 (1993)..............................................................18

*Krantz v. BT Visual Images*
    89 Cal.App.4th 164 (2001)..............................................................18

*Lazar v. Hertz Corp.*
    69 Cal.App.4th 1494 (1999)............................................................17

*Mabry v. Superior Court*
    185 Cal.App.4th 208 (2010).............................................7, 9, 10, 16

*Pasadena Live, LLC v. City of Pasadena*
    114 Cal.App.4th 1093 (2004)..........................................................15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

3

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

*Peterson v. Cellco P'ship*
   164 Cal.App.4th 1583 (2008)...........................................................................17

*Racine & Laramie, Ltd. v. California Dep't of Parks & Recreation*
   11 Cal.App.4th 1026 (1992)...........................................................................15

*Rossberg v. Bank of Am., N.A.*
   219 Cal.App.4th 1481 (2013)...........................................................................10

*S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*
   72 Cal.App.4th 861 (1999)...........................................................................18

*Scripps Clinic v. Superior Court*
   108 Cal.App.4th 917 (2009)...........................................................................18

*Vella v. Hudgins*
   151 Cal.App.3d 515 (1984)...........................................................................16

**CALIFORNIA STATUTES**

*Cal. Bus. & Prof. Code* § 17200, *et seq*...................................................................1

*Cal. Civ. Code* § 2923.5...........................................................................9, 10, 11

*Cal. Civ. Code* § 2923.5(a)(1), (2), and (g) ...........................................................9

*Cal. Civ. Code* § 2923.5(a)(2) ...........................................................................9

*Cal. Civ. Code* § 2923.5(g) ...........................................................................9

*Cal. Civ. Code* § 2923.6(a)-(b)...........................................................................16

*Cal. Civ. Code* § 2923.6(d) ...........................................................................12, 13

*Cal. Civ. Code* § 2923.6(g) ...........................................................................11

*Cal. Civ. Code* § 2923.7...........................................................................13

*Cal. Civ. Code* § 2923.7(a)...........................................................................13

*Cal. Civ. Code* § 2924.11...........................................................................12, 13

*Cal. Civ. Code* § 2924.12(a)(1) ...........................................................................7

*Cal. Civ. Code* § 2924.12(a)(1)-(2) ...........................................................................6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

4

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

*Cal. Civ. Code* § 2924.12(g) ..................................................................................8

*Cal. Civ. Code* § 2924.17 .......................................................................................9

*Cal. Civ. Code* § 2924.18(b) ..................................................................................9

*Cal. Civ. Code* § 2936 ............................................................................................3

*Cal. Civ. Code* § 2937 ...................................................................................1, 2, 14

*Cal. Code Civ. Proc.* § 343 ...................................................................................14

**OTHER AUTHORITIES**

Berhnardt, Roger, California Mortgages, *Deeds of Trust, and Foreclosure Litigation 22* (4th ed. 2009) ...............................................................................3

Fed. R. Civ. P. 8(a)(2)..........................................................................................2, 3

Fed. R. Civ. P. 9(b) ...............................................................................................18

Fed. R. Civ. P. 12(b)(6)........................................................................................2, 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

5

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A., as *tranferee of servicing from EMC Mortgage LLC f/k/a EMC Mortgage Corp., erroneously sued as JPMorgan Chase Bank successor by merger and/or acquisition of EMC Mortgage Corp., as servicer for Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities, LLC, Asset-Backed Certificates, Series 2007-HE3* ("JPMC") respectfully submits the following memorandum of points and authorities in support of its motion to dismiss the complaint of Plaintiffs Armida Ortiz and Arturo Rivera Ortiz a/k/a Manuel R. Velazquez ("Plaintiffs").

## I.   INTRODUCTION

Plaintiffs' Complaint relates to a $712,500 loan (the "note") they obtained in 2006 from Quick Loan Funding.  The note was secured by a deed of trust encumbering real property located at 1706 East Belmont Ave., Anaheim, CA 92805 (the "Property").  In 2010, Plaintiffs secured a loan modification under the federal Home Affordable Modification Program ("HAMP").  After only two years into the HAMP modification, and dissatisfied with its modified terms, Plaintiffs re-applied for a loan modification in October 2012 and again in February 2014.  Plaintiffs claim that JPMC released its servicing rights to the note in February 2014 to Co-Defendant Select Portfolio Servicing, Inc. ("SPS") before rendering a decision on Plaintiffs' most recent application.  Plaintiffs have brought the instant matter against JPMC based on their purported failure to secure a second loan modification and assert two claims for violations of the California Homeowner's Bill of Rights ("HOBR"), *Cal. Civ. Code* § 2937, Breach of the Implied Covenant of Good Faith and Fair Dealing, and violations of *Cal. Bus. & Prof. Code* ("UCL") § 17200, *et seq*.  However, this entire action is legally unsupported.

*First*, SPS is the current servicer and the appropriate party to provide Plaintiffs with the relief they seek; namely an injunction and a loan modification.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

1

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1   Furthermore, Plaintiffs do not allege that JPMC initiated any foreclosure

2   proceedings such that HOBR's provisions would apply in this matter

3        *Second*, any claim under *Cal. Civ. Code* § 2937 is time-barred because

4   Plaintiffs have brought this claim after the four-year statute of limitations period

5   expired.  Moreover, Plaintiffs have not alleged that they sustained any pecuniary

6   damages as a result of any purported violation of *Cal. Civ. Code* § 2937.

7        *Third*, Plaintiffs have not articulated any provision in the 2006 note or deed

8   of trust that requires JPMC to modify their loan or approve their most recent loan

9   modification application.  Therefore, Plaintiffs cannot state a claim for Breach of

10  the Implied Covenant of Good Faith and Fair Dealing.

11       *Fourth*, Plaintiffs have not articulated any actual pecuniary loss for the

12  purposes of standing under the UCL.  Finally, Plaintiffs have not alleged any

13  practice by JPMC that can be construed as unlawful, unfair, or fraudulent.

14       As more fully briefed herein, the Complaint is fatally defective such that no

15  amendment could cure its pleadings.  Accordingly, JPMC respectfully requests that

16  the Complaint be dismissed with prejudice.

17  **II.   LEGAL STANDARD**

18       Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal

19  sufficiency of the complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

20  2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual

21  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

22  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868

23  (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct 1955, 167

24  L. Ed. 2d 929 (2007)).  "Threadbare recitals of the elements of a cause of action,

25  supported by mere conclusory statements," are not enough to survive a motion to

26  dismiss.  *Iqbal*, 129 S. Ct. at 1949.  Rather, Fed. R. Civ. P. 8(a)(2) imposes a

27  "plausibility standard" which requires the plaintiff to plead "factual content that

28  allows the court to draw the reasonable inference that the defendant is liable for the

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 25291158.1

2

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1   misconduct alleged." *Id.*  In ruling on a Rule 12(b)(6) motion, the Court is to

2   accept as true the factual allegations of the complaint; however, allegations

3   amounting to nothing more than legal conclusions are not entitled to the assumption

4   of truth.  *Iqbal*, 129 S. Ct. at 1949.

5   **III.   ARGUMENT**

6            A.      **The Complaint Relies On A Securitization Argument That Has**

7                    **Been Consistently Rejected By Courts Throughout This State.**

8            In the first instance, the Complaint begins by putting forth a wrongful

9   securitization argument that has been resoundingly rejected by courts in this state.[1]

10  *See Wadhwa v. Aurora Loan Servs. LLC*, 2011 U.S. Dist. LEXIS 73949, *9 (E.D.

11  Cal. 2011) ("Assignment of the note to a [trust pool] renders any interest in the

12  property other than plaintiffs' somehow invalid" has been "rejected by numerous

13  courts").  A secured promissory note traded on the secondary market remains

14  secured because the mortgage or deed of trust follows the note.  *See Cal. Civ. Code*

15  § 2936 ("The assignment of a debt secured by mortgage carries with it the

16  security.");  *Carpenter v. Longan*, 83 U.S. 271, 274 (1873).  Scholars have noted

17  that in the present market, "[m]ortgage transfers are common among institutional

18  lenders, and there is an active secondary market, assisted by the federal

19  government, for the sale and exchange of secured notes."  Berhnardt, Roger,

20  California Mortgages, *Deeds of Trust, and Foreclosure Litigation 22* (4th ed.

21  2009).  California courts have also rejected Plaintiffs' theory that a lender or trustee

22  loses its "power of sale pursuant to the deed of trust when the original promissory

23  note is assigned to a trust pool."  *Benham v. Aurora Loan Services*, 2009 U.S. Dist.

24  LEXIS 78384, *10-11 (N.D. Cal. 2009).  The securitization and pooling of a deed

25  of trust and/or note does not impact their legal status or enforceability.  *See Gomes*

26  *v. Countrywide Home Loans, Inc*., 192 Cal.App.4th 1149 (2011) (finding that the

27  statutory scheme for foreclosures in California does not provide for a preemptive

---

[1] *See* Compl. ¶¶41-49.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

3

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1   suit challenging standing upon allegations of securitization).  Similarly, precedent

2   holds that securitization may not be used as a means of escaping liability for a debt.

3   *See Reyes v. GMAC Mortg., LLC*, 2011 U.S. Dist. LEXIS 40953, *6 (D. Nev. 2011)

4   ("[S]ecuritization of the loan does not in fact alter or affect the legal beneficiary's

5   standing to enforce the deed of trust…. [S]ecuritization merely creates 'a separate

6   contract, distinct from [p]laintiffs['] debt obligations' under the note, and does not

7   change the relationship of the parties in any way.").

8       Here, Plaintiffs' securitization argument not only fails because of the

9   aforementioned precedent but also because they "lack[s] standing to challenge the

10  process in which [their] mortgage was securitized because" they are not parties to

11  the relevant Pooling & Servicing Agreement (the "PSA").  *See Pugh v. JPMorgan*

12  *Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 151873 (E.D. Cal. 2013).  Insofar as

13  Plaintiffs claim that the note and deed of trust were voided because the note was

14  improperly transferred to a trust after its closing date thereby depriving subsequent

15  creditors and their agents, including JPMC, of authority to enforce the note and

16  deed of trust, such an argument is without merit.[2]  This theory was given some

17  credence by the court in *Glaski v. Bank of America, National Association*, 218

18  Cal.App.4th 1079 (2013).  The *Glaski* Court held that assignments of notes and

19  trust deeds to trust pools were void if it could be demonstrated that they were made

20  after the closing date in the governing PSA.  *See id*. at 1094-97.  The court further

21  held that if these assignments were void, then the transferee creditor as well as

22  subsequent transferees and their agents would lack standing to enforce the notes.

23  *See id*. at 1097.

24      In the wake of this decision, California courts have found that the *Glaski*

25  Court failed to consider two key issues and its ruling is therefore of limited value.

26  First, the *Glaski* Court failed to determine whether borrowers have standing to

27  enforce the terms of a PSA, including the trust's closing date.  The majority of

28

---

[2] *See* Compl. ¶¶41-49.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

4

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

California federal courts that have since addressed this issue have held that borrower-plaintiffs do not have such standing as they are neither parties to nor third party beneficiaries of a PSA. *See Rivac v. Ndex West LLC*, 2013 U.S. Dist. LEXIS 177073 (N.D. Cal. 2013). Second, even if Plaintiffs had standing and the post-closing transfers were void, Plaintiffs do not allege to have suffered any resulting prejudice because the allegedly improper "assignment(s) merely substitute[s] one creditor for another, without changing [plaintiff's] obligations under the note." *Fontenot v. Wells Fargo Bank, NA*., 198 Cal.App.4th 256, 272 (2011); *see also Reyes*, 2011 U.S. Dist. LEXIS 40953, at *5-8. In other words, any dispute regarding an improper transfer, if there is one, would be between the creditor (or its agents) and the creditor that held the note in due course before the transfer. *See Rivac*, 2013 U.S. Dist. LEXIS 177073 (*citing Siliga v. Mortgage Electronic Registrations Systems, Inc.*, 219 Cal.App.4th 75, 85 (2013)); *Sami v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 38466, *14-16 (N.D. Cal. 2012) (rejecting the theory that a party's failure to transfer or assign the loan to a securitized trust by the closing date set forth in the PSA somehow renders void any assignments beyond the closing date). Plaintiffs cannot claim that they were prejudiced by having to repay a loan in accordance with the terms of a note and trust deed that they themselves executed. As such, Plaintiffs cannot state any claim for relief based on any allegedly improper "securitization."

> **B.** **First & Second Claims: Plaintiffs Have Failed To State A Claim Under HOBR.**

Plaintiffs have asserted two individual claims for violations of various HOBR provisions. However, the majority of Plaintiffs' allegations in support of their HOBR claims fail to state a claim for relief, not least of which because Plaintiffs do not allege that JPMC ever initiated foreclosure proceedings by publicly recording a notice of default.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 25291158.1

5

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1. **Plaintiffs Claim That JPMC No Longer Services Their Loan And Therefore Cannot Provide Plaintiffs With The Limited Pre-Foreclosure Relief Afforded Under HOBR.**

Plaintiffs' HOBR claims fail as a matter of law because they are moot. A controversy must exist in order for courts to avoid issuing advisory opinions as abstract propositions of law. *See West v. Secretary of the DOT*, 206 F.3d 920, 924 (9th Cir. 2000). A claim becomes moot when it no longer presents an existing controversy and no court ruling can have any practical effect or cannot provide the parties with effective relief. *See Giles v. Horn*, 100 Cal.App.4th 206 (2002); *see also Catholic Answers, Inc. v. United States*, 2009 U.S. Dist. LEXIS 96070, *24-25 (S.D. Cal. 2009); *LG Infocomm U.S.A., Inc. v. Euler Am. Credit Indem. Co.*, 2004 U.S. Dist. LEXIS 13803 (S.D. Cal. 2004). In such circumstances, the court should not consider the merits of a  moot claim. *See id*; *see also Californians for Alternative to Toxics v. California Dept. of Pesticide Regulation*, 136 Cal.App.4th 1049 (2006).

Pursuant to *Cal. Civ. Code* § 2924.12(a)(1)-(2), the only remedy afforded for a pre-foreclosure sale HOBR violation is an injunction against foreclosure proceedings until the mortgagor or servicer remedies the purported violation. *See Cal. Civ. Code* § 2924.12(a)(1)-(2). Here, Plaintiffs allege that JPMC has not serviced their loan since February 2014.[3] Furthermore, Plaintiffs do not allege that JPMC:  (1) commenced foreclosure proceedings by publicly recording a notice of default; or (2) sold the Property at foreclosure.[4] Even assuming Plaintiffs were entitled to relief under HOBR (which JPMC does not concede), Plaintiffs claim that JPMC service-released the loan to SPSthey would be unable to obtain any recovery specifically from JPMC. As stated, the only pre-foreclosure sale remedy available for purported HOBR violations is an injunction of foreclosure proceedings until the

---

[3] *See* Compl. ¶38, Exh. K.
[4] *See gen.*, Compl.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

6

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

alleged violation is corrected.  *See Cal. Civ. Code* § 2924.12(a)(1); *Mabry v. Superior Court*, 185 Cal.App.4th 208, 235 (2010).  As Plaintiffs claim that JPMC no longer services their loan, they wholly fail to allege how JPMC would be able to stay or conduct any foreclosure sale, rescind any notice of default, discuss any foreclosure alternatives with Plaintiffs, or remedy any purported HOBR violations. Simply stated, Plaintiffs have not alleged how JPMC can provide Plaintiffs with the limited relief available under HOBR or how any ruling from this Court would have any practical effect as to JPMC given Plaintiffs' allegations that JPMC service released their loan to SPS in February 2014.  Rather, the Complaint's allegations indicate that JPMC is not the property party against whom they should seek relief. Accordingly, Plaintiffs' two HOBR claims are moot, fail as a matter of law, and should be dismissed with prejudice.

### 2.     HOBR Did Not Take Effect Until January 1, 2013 And Is Not Applied Retroactively.

Plaintiffs have not alleged the dates on which JPMC purportedly violated HOBR.[5]  Plaintiffs' pleadings are therefore vague and JPMC cannot put forth an adequate response to Plaintiffs' allegations.  However, assuming the HOBR claims relate to purported violations occurring prior to January 1, 2013, they fail as a matter of law and should be dismissed because HOBR did not take effect until January 1, 2013.  *See* 2012 Cal ALS 86.  Furthermore, courts have recognized that HOBR is not to be applied retroactively.  *See Rockridge Trust v. Wells Fargo*, 2013 U.S. Dist. LEXIS 139606, *99-100 (N.D. Cal. 2013) (dismissing a HOBR claim where the notice of default and notice of trustee's sale were recorded prior to January 1, 2013); *see also Morgan v. Aurora Loan Servs.*, LLC, 2013 U.S. Dist. LEXIS 145623, *15-16 (C.D. Cal. 2013) (holding that HOBR is not applied retroactively).  Therefore, to the extent Plaintiffs' HOBR claims are premised on alleged HOBR violations occurring prior to January 1, 2013, they fail as a matter of

---

[5] *See gen.*, Compl.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

7

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

law and should be dismissed with prejudice.

### 3. JPMC Is Exempt From Liability For Any Alleged Violations Of HOBR.

*Cal. Civ. Code* § 2924.12(g) exempts all signatories "to a consent order entered in the case entitled *United States of America et al. v. Bank of America Corporation et al.*, filed in the United States District Court of the District of Columbia, case number 1:12-cv-00361 RMC, that are in compliance with the relevant terms of the Settlement Term Sheet of that consent judgment with respect to the borrower who brought an action pursuant to this section while the consent judgment is in effect" from liability under HOBR. *See Cal. Civ. Code* § 2924.12(g) JPMC is a signatory to this consent order, which is still in effect. *See United States v. Bank of America Corporation et al.*, 922 F.Supp.2d 1 (D.D.C. 2013). Plaintiffs have not alleged that JPMC is not in compliance with the terms of the Settlement Term Sheet of the consent judgment, nor can they invoke any consent judgment in support of their pleadings.[6] Accordingly, Plaintiffs' HOBR causes of action fail

---

[6] Insofar as Plaintiffs seek to invoke the Department of Justice and States Attorney Generals' National Mortgage Settlement and Consent Judgment in the *United States of America et al. v. Bank of America Corporation et al.*, United States District Court of the District of Columbia, case number 1:12-cv-00361 RMC, 922 F.Supp.2d 1 (D.D.C. 2013) (the "Consent Judgment"), Plaintiffs do not have any third-party standing to assert claims thereunder. *See Jurewitz v. Bank of Am., NA.*, 2013 U.S. Dist. LEXIS 51787 (S.D. Cal. 2013) (borrowers lack standing to enforce the Consent Judgment). "[C]onsent decrees are construed as contracts for purposes of enforcement." *U.S. v. FMC Corp.*, 531 F.3d 813, 819 (9th Cir. 2008) (quotation omitted). Furthermore, the U.S. Supreme Court has stated that third parties have no right in general to enforce consent orders. "[A] well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) (holding that non-parties to an antitrust consent decree could not sue to enforce it). Accordingly, any references to the Consent Judgment appearing in the Complaint should be disregarded and any claim that asserts a violation thereof should be dismissed with prejudice.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

8

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1    and should be dismissed.

2            **4.    Plaintiffs Have Failed To State A Claim For Violations Of**

3                   ***Cal. Civ. Code* § 2923.5.**

4                   a.    *Cal. Civ. Code* § 2923.5 Does Not Apply To JPMC.

5    *Cal. Civ. Code* § 2923.5 only applies to entities that in the prior year

6    "foreclosed on 175 or fewer residential real properties, containing no more than

7    four dwelling units, that are located in California." *See Cal. Civ. Code* §§

8    2923.5(g) and 2924.18(b).  Plaintiffs have not – and cannot – assert that JPMC

9    "foreclosed on 175 or fewer residential real properties, containing no more than

10   four dwelling units, that are located in California" in the prior year.

11           Furthermore, *Cal. Civ. Code* § 2923.5 proscribes the requisite action a

12   mortgagor or servicer must take prior to publicly recording a notice of default.  *See*

13   *Cal. Civ. Code* § 2923.5.  Here, Plaintiffs have not alleged that JPMC recorded any

14   notice of default, without which a *Cal. Civ. Code* § 2923.5 claim cannot be stated.

15   It therefore follows that Plaintiffs cannot claim that JPMC violated *Cal. Civ. Code*

16   § 2924.17 by filing an inaccurate "Declaration of Compliance with *Cal. Civ. Code*

17   § 2923.5" which must accompany a publicly recorded notice of default.

18           Thus, *Cal. Civ. Code* § 2923.5 is inapplicable in this matter and any claim

19   premised thereon should be dismissed.

20                   b.    The *Cal. Civ. Code* § 2923.5 Claim Is Ill-Pled.

21           Plaintiffs' pleadings indicate a fundamental misunderstanding of *Cal. Civ.*

22   *Code* § 2923.5's provisions which are narrow and only requires JPMC to have

23   either contacted or attempted to contact Plaintiffs in person or by phone to "assess"

24   their financial situation and "explore" options to in a good faith effort to avoid

25   foreclosure.  *See Mabry*, 185 Cal.App.4th at 214; *Cal. Civ. Code* § 2923.5(a)(1),

26   (2), and (g).  Accordingly, a successfully pled *Cal. Civ. Code* § 2923.5 claim

27   requires Plaintiffs to allege that JPMC (1) did not attempt to make a "good faith

28   effort" to contact them and (2) did not use due diligence in making such attempts.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB2/ 25291158.1

9

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

*See Shapiro v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 117708, *27 (E.D. Cal. 2011). "The lender's duty to assess the borrowers' financial situation may be discharged by simply asking the borrowers why they cannot make the scheduled mortgage payments, and the lender's duty to explore options means merely that the lender must tell the borrower the traditional ways that foreclosure can be avoided. *Cal. Civ. Code* § 2923.5 does not impose on the lender any duty to become a loan counselor." *See Mabry*, 185 Cal.App.4th 208 at 232. "Hence, any "assessment" must necessarily be simple—something on the order of, 'why can't you make your payments?'" *Id*. The statute does not require JPMC to actually negotiate with Plaintiffs or explicitly explore other foreclosure-avoidance options with Plaintiffs nor does the statute require JPMC to modify their loan. *See id.* Courts have consistently found a loan modification review as sufficient to satisfy the requirements of *Cal. Civ. Code* §§ 2923.5. *See McNeil v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 89610, *11 (N.D. Cal. 2014) ("Plaintiffs argue that the loan modification discussions did not satisfy [Section 2923.5]. The Court disagrees. California Civil Code 2923.5…requir[es] a lender to contact a borrower about his or her financial situations prior to the recording of a notice of default, and California courts have held that this requirement may be satisfied through loan modification discussions."); *Rossberg v. Bank of Am., N.A.*, 219 Cal.App.4th 1481, 1494-95 (2013).

Here, Plaintiffs merely allege that JPMC violated *Cal. Civ. Code* § 2923.5 by failing to contact them to discuss their financial situation prior to initiating foreclosure proceedings. However, Plaintiffs have not alleged that JPMC ever initiated foreclosure proceedings or publicly recorded a notice of default. Plaintiffs *do*, however, allege that JPMC: (1) modified their original loan pursuant to the federal Home Affordable Mortgage Program ("HAMP") in 2010; and (2) agreed to re-review Plaintiffs for another loan modification in 2012.[7] Plaintiffs also allege

---

[7] *See* Compl. ¶¶20-21, 24, 27, 30-38, Exh. B-J.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

10

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

that they were constant contact with JPMC between 2012 and 2014, during which time they attempted to negotiate a new loan modification agreement with JPMC. It is therefore implausible for Plaintiffs to allege that they had no meaningful opportunity to engage in foreclosure prevention discussions with JPMC. Furthermore, Plaintiffs have not alleged that JPMC made absolutely no attempt to contact them. Finally, Plaintiffs have failed to explain how the alleged violations of *Cal. Civ. Code* § 2923.5 were material or caused actual damages.

Therefore, Plaintiffs' *Cal. Civ. Code* § 2923.5 claim fails and should be dismissed with prejudice.

**5.    Under *Cal. Civ. Code* § 2923.6(g), JPMC Had No Obligation To Review Plaintiffs' Subsequent And Incomplete Loan Modification Applications.**

Insofar as Plaintiffs claim that JPMC failed to review their successive loan modification applications, such allegations are belied by the fact that JPMC was never legally required to do so. Pursuant to *Cal. Civ. Code* § 2923.6(g):

> "In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer."

Here, the pleadings indicate that Plaintiffs were approved for a modification

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

11

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

under HAMP in 2010.[8]  Absent a documented change in financial circumstances, which Plaintiffs have not alleged, JPMC was never obligated to review Plaintiffs' subsequent and incomplete applications.  Accordingly, Plaintiffs cannot assert a claim for dual-tracking under HOBR.  *See Withers v. J.P. Morgan Chase Bank N.A.*, 2014 U.S. Dist. LEXIS 94795, *10-11 (N.D. Cal. 2014) (dismissing HOBR claims for lack of allegations suggesting that plaintiff had provided her loan servicer with documented support of her changed financial circumstances).

> **6.      Plaintiffs' Allegations Are Insufficient To State A Claim For Violations Of *Cal. Civ. Code* §§ 2923.6(d) and 2924.11.**

Insofar as Plaintiffs claim that JPMC violated *Cal. Civ. Code* § 2923.6(d) by depriving them of the ability to appeal the denial of their loan modification application, the allegations fail to state a claim for relief.  Pursuant to *Cal. Civ. Code* § 2923.6(d):

> If the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error.

Conversely, *Cal. Civ. Code* § 2924.11 states in part that:

> If a foreclosure prevention alternative is approved in writing prior to the recordation of a notice of default, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default…

Here, Plaintiffs do not claim that they received any written decision on their most recent loan modification application or that JPMC recorded any notice of default at any time.  Instead, Plaintiffs allege that they *submitted* a loan modification application to JPMC on February 7, 2014 and that eleven days later,

---

[8] *See* Compl. Exh. B.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

12

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

their loan was service transferred to SPS on February 18, 2014.  Plaintiffs do not allege that JPMC rendered any decision on their application at any time during those eleven days.  Without any decision, there can be no appeal.  It therefore follows that there can be no violation of *Cal. Civ. Code* § 2923.6(d).  Similarly, without an approval of their application, there can be no violation of *Cal. Civ. Code* § 2924.11.  Accordingly, these claims fail and should be dismissed with prejudice.

### 7.      Plaintiffs Have Failed To State A Claim Under *Cal. Civ. Code* § 2923.7.

Plaintiffs' allegations in support of their *Cal. Civ. Code* 2923.7 claim fail to state a viable claim for relief.  *Cal. Civ. Code* § 2923.7 provides that upon a borrower's request for a foreclosure prevention alternative, the servicer must promptly designate a point of contact to communicate directly with the borrower.  *See Cal. Civ. Code* § 2923.7(a).  The "single point of contact" can be an individual or a team, but must possess sufficient knowledge about foreclosure alternatives, and must have access to individuals who have the ability and authority to stop foreclosure proceedings.  *See id.*, sections (b), (e).

Plaintiffs do not allege that they were deprived of a single point of contact but admit that they were assigned a single point of contact throughout the application process.[9]  Furthermore, Plaintiffs admit that their single point of contact provided them with status updates on their review.[10]  Plaintiffs' pleadings do not indicate a violation of *Cal. Civ. Code* § 2923.7 but rather a dissatisfaction with the loan modification application process itself.  Though Plaintiffs may take issue with the application process, their grievances alone are insufficient to state a claim under *Cal. Civ. Code* § 2923.7.

For the foregoing reasons, Plaintiffs' two HOBR claims fail as a matter of law and should be dismissed with prejudice.

---

[9] *See* Compl. ¶¶36-37.
[10] *See id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

13

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1    **C.**    **Third Claim: Plaintiffs Fail To State A Claim Under** *Cal. Civ.*

2    *Code* **§ 2937.**

3    Plaintiffs' allegations in support of the *Cal. Civ. Code* § 2937 claim, are for

4    the most part, incoherent and JPMC is unable to decipher Plaintiffs' particular

5    grievances, nor should it be required to do so.  As best as JPMC can discern,

6    Plaintiffs claim that they were somehow damaged by not receiving notice of change

7    in loan servicer in March 2008.  However, this claim fails in the first instance

8    because it is time-barred under California's "catch-all" limitations period.  *See Cal.*

9    *Code Civ. Proc.* § 343.  Here, Plaintiffs claim that JPMC's failure to notify them of

10   the change in loan servicer occurred in March 2008.  Therefore, the time to pursue

11   this claim expired four years later in March 2012.  However, Plaintiffs did not

12   initiate this action until July 9, 2014.  Therefore, this claim is time-barred by over

13   two years.  Even assuming that Plaintiffs were unaware of the existence of this

14   claim until 2010, it is still time-barred to the extent their discovery occurred prior to

15   July 2010.

16   Substantively, Plaintiffs have failed to state a claim under *Cal. Civ. Code* §

17   2937, which requires allegations of injury as a direct result of the statutory

18   violation.  *See Paulhus v. Fay Servicing, LLC*, 2014 U.S. Dist. LEXIS 74227, * 9-

19   10 (E.D. Cal. 2014).  Nowhere in their Complaint do Plaintiffs claim that they were

20   somehow harmed as a result of not receiving notice of their change in servicer.

21   Plaintiffs do not allege that they made payments to the wrong servicer or that their

22   payments were not properly credited.  Furthermore, Plaintiffs do not claim that their

23   default was somehow caused by their failure to receive adequate notice of the

24   change in servicer.  As a result, Plaintiffs cannot state a claim under *Cal. Civ. Code*

25   § 2937 and this claim should be dismissed with prejudice.

26   **D.**    **Fourth Claim: Plaintiffs Cannot State A Claim For Breach Of The**

27   **Implied Covenant Of Good Faith And Fair Dealing.**

28   Plaintiffs' allegations in support of their claim for Breach of Implied

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

14

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1   Covenant of Good Faith and Fair Dealing are insufficient to state a claim for relief.

2   The factual elements necessary to state such a claim are: (1) the parties entered into

3   a contract; (2) the plaintiffs fulfilled their obligations under the contract; (3) any

4   conditions precedent to the defendant's performance occurred; (4) the defendant

5   unfairly interfered with the plaintiffs' rights to receive the benefits of the contract;

6   and (5) the plaintiffs were harmed by the defendant's conduct. *See Rosenfeld v.*

7   *JPMorgan Chase Bank, N.A.*, 732 F. Supp.2d 952, 968 (N.D. Cal. 2010).  The

8   implied covenant protects the reasonable expectations of contracting parties based

9   on their mutual promises. *See Digerati Holding, LLC v. Young Money*

10  *Entertainment*, 194 Cal.App.4th 873, 885 (2011).  The covenant is not available to

11  impose new obligations on contracting parties. *See Guz v. Bechtel National, Inc.*,

12  24 Cal.4th 317, 349-350 (2000).  Instead, the implied covenant is limited to

13  assuring compliance with the *express* terms of the contract, and cannot be extended

14  to create obligations not contemplated by the contract.  *See Pasadena Live, LLC v.*

15  *City of Pasadena*, 114 Cal.App.4th 1093, 1094 (2004); *Racine & Laramie, Ltd. v.*

16  *California Dep't of Parks & Recreation*, 11 Cal.App.4th 1026, 1031-32, 14 Cal.

17  Rptr. 2d 335 (1992).

18      Here, Plaintiffs allege that JPMC interfered with their rights under the 2006

19  deed of trust by not modifying their loan pursuant to their February 2014

20  application.[11]  However, Plaintiffs have not cited to any provision in the 2006 deed

21  of trust that *expressly* requires JPMC to modify their loan.[12]  Furthermore, Plaintiffs

22  do not specify which provision of the 2006 note and deed of trust that JPMC

23  allegedly interfered with or how JPMC allegedly denied Plaintiffs the ability to

24

25  [11] *See* Compl. ¶¶ 76-77.

26  [12] The only loan modification agreement that Plaintiffs have properly pled is the
    2010 HAMP agreement attached to the Complaint as Exhibit B.  However,

27  Plaintiffs do not claim that JPMC failed to implement that modification agreement.
    Rather, Plaintiffs concede that JPMC implemented the 2010 HAMP modification.

28  *See* Compl. ¶¶20-27.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

DB2/ 25291158.1

1    meet their monthly mortgage obligations.

2        Insofar as Plaintiffs claim that JPMC somehow violated some statute or

3    consent order by allegedly failing to modify their loan a second time, such

4    contentions fail as legally untenable.  Plaintiffs have not identified any provision of

5    California or federal law that requires JPMC to review and/or approve their loan

6    modification application.  It is well established in California that lenders have no

7    duty to modify a loan.  *See Mabry*, 185 Cal.App.4th at 232.  There is no existing

8    language in the California Civil Code that requires a lender to modify a loan.

9    Applicable statutes, such as *Cal. Civ. Code* § 2923.6(a)-(b) merely state that "the

10   mortgagee, beneficiary, or authorized agent offer the borrower a loan modification

11   or workout plan *if* such a modification or plan is consistent with its contractual or

12   other authority."  *See Mabry*, 185 Cal.App.4th at 222; *Diunugala v. JP Morgan*

13   *Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 144326 (S.D. Cal. 2013).  Absent

14   specific terms in a written agreement, there is no duty to modify.  *See Busch v.*

15   *Globe Indus.*, 200 Cal.App.2d 315, 320 (1962).  These rulings follow the general

16   rule that there is no duty to modify a contract.  *See Vella v. Hudgins*, 151

17   Cal.App.3d 515, 519 (1984).

18       In the instant matter, Plaintiffs seemingly request that this Court sanction

19   JPMC for not modifying their loan.  Since JPMC is not obliged to approve any loan

20   modification application, this Court cannot render a judicial determination as to

21   whether Plaintiffs qualified for a loan modification under any program or that their

22   application may have been wrongfully denied.  *See Mabry*, 185 Cal.App.4th at 232.

23   Thus, to the extent this lawsuit is premised on Plaintiffs' allegation that JPMC

24   somehow prevented Plaintiffs from benefitting under the 2006 deed of trust by not

25   approving their loan modification application, it fails as a matter of law.  *See*

26   *Mabry*, 185 Cal.App.4th at 222.  Finally, Plaintiffs can hardly plead their own

27   performance under the 2006 note and deed of trust.  Their admitted default

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DB2/ 25291158.1

1  illustrates that Plaintiffs failed to satisfy their contractual obligations thereunder.[13]

2  Accordingly, the claim Breach of Implied Covenant of Good Faith and Fair Dealing

3  fails as a matter of law and should be dismissed with prejudice.

### E.   Fifth Claim: Plaintiffs Cannot State A Claim Under The UCL.

#### 1.   Plaintiffs Do Not Have Standing Under The UCL.

6       Plaintiffs do not have standing to bring a claim under the UCL.  For there to

7  be such standing, Plaintiffs "must … demonstrate injury in fact and a loss of money

8  or property caused by unfair competition."  *Peterson v. Cellco P'ship*, 164

9  Cal.App.4th 1583, 1590 (2008).  Plaintiffs must allege a "distinct and palpable

10  injury," one that is "concrete and particularized" and "not conjectural or

11  hypothetical."  *Id.*  Plaintiffs have not done so here.  Instead, Plaintiffs' UCL claim

12  is based entirely on their purported failure to secure a loan modification and the

13  foreclosure proceedings that were the direct result of their default under the 2006

14  deed of trust.  As JPMC was never required to modify their loan, their UCL claim

15  fails as a matter of law.  Furthermore, Plaintiffs have failed to articulate an actual

16  pecuniary loss for the purposes of the UCL that is directly attributable to JPMC.

17  Plaintiffs do not allege that JPMC caused their default which led to foreclosure

18  proceedings.  Plaintiffs admit that they defaulted on their loan.  The subsequent

19  foreclosure proceedings were the direct result of Plaintiffs' admitted default.

20  Accordingly, Plaintiffs cannot allege that they have suffered any actual pecuniary

21  loss and therefore lack standing to pursue a UCL claim.

#### 2.   Plaintiffs' UCL Claim Is Ill-Pled.

23       The UCL establishes three varieties of unfair competition: acts or practices

24  which are (1) unlawful, or (2) unfair or (3) fraudulent.  *See Cal-Tech Commc'ns.,*

25  *Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).  To state a cause of action

26  based on an "unlawful" business act or practice under the UCL, a plaintiff must

27  allege facts sufficient to show a violation of some underlying law.  *See Lazar v.*

---

[13] *See* Compl. ¶78 (discussing Plaintiffs' default under the 2006 deed of trust).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

17

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1    *Hertz Corp.*, 69 Cal.App.4th 1494, 1505 (1999).  Thus, a UCL claim stands or falls

2    depending on the fate of antecedent substantive causes of action.  *See Krantz v. BT*

3    *Visual Images*, 89 Cal.App.4th 164, 178 (2001).  As discussed throughout this

4    motion, each and every one of the claims pled against JPMC fails as a matter of

5    law.  It therefore follows that Plaintiffs' UCL claim also fails.  Furthermore,

6    Plaintiffs have not cited to any legal authority which makes the denial of a loan

7    modification application or foreclosure pursuant to a deed of trust application

8    unlawful.

9          Plaintiffs' UCL claim fails under the "unfair" prong.  For the purposes of the

10   UCL, a business act or practice is "unfair" when the conduct "offends an

11   established public policy or when the practice is immoral, unethical, oppressive,

12   unscrupulous, or substantially injurious to consumers.  *See S. Bay Chevrolet v. Gen.*

13   *Motors Acceptance Corp.*, 72 Cal.App.4th 861, 886-87 (1999).  When "determining

14   whether the challenged conduct is unfair within the meaning of unfair competition

15   law … courts may not apply purely subjective notions of fairness."  *Scripps Clinic*

16   *v. Superior Court*, 108 Cal.App.4th 917, 941 (2009).  A plaintiff alleging unfair

17   business practices "must state with reasonable particularity the facts supporting the

18   statutory elements of the violation."  *See Khoury v. Maly's of Cal., Inc*., 14

19   Cal.App.4th 612, 619 (1993).  Here, Plaintiffs have not articulated any conduct that

20   offends an established public policy nor have they alleged any conduct that is

21   "immoral, unethical, oppressive, unscrupulous, or substantially injurious to

22   consumers."  Accordingly, Plaintiffs have failed to plead a UCL cause of action

23   under the "unfair" prong.

24         Finally, a UCL claim based on the "fraud" prong must meet Fed. R. Civ. P.

25   9's heightened pleading standard, which Plaintiffs have failed to do here.  *See* Fed.

26   R. Civ. P. 9(b); *see also Kearns v. Ford Motor Co*., 567 F. 3d 1120, 1125 (9th Cir.

27   2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of

28   the … UCL.")  Plaintiffs have not pled fraud with any degree of specificity.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG

1    Simply, there are no facts to identify any "fraudulent acts and practices."

2           Accordingly, because Plaintiffs lack standing and fail to state a claim as to

3    any of the three prongs of the UCL, this claim must be dismissed.

4    **IV.    CONCLUSION**

5           As discussed throughout this motion, Plaintiffs' claims are factually and

6    legally deficient to state any cause of action. "Futility of amendment can, by itself,

7    justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815,

8    845 (9th Cir. 1995). Any amendment would be "futile" because Plaintiffs cannot

9    allege any facts that would constitute a valid claim for relief as against JPMC. See

10   *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). JPMC no longer

11   services Plaintiffs' loan and therefore cannot provide them with the limited relief

12   under HOBR. Furthermore, JPMC was never obligated to modify Plaintiffs' loan.

13   Finally, Plaintiffs' pleadings fail as a matter of law and no set of facts could

14   rehabilitate their faulty legal theories. Accordingly, JPMC respectfully requests

15   that the instant motion be granted with prejudice.

16   Dated: August 29, 2014                    Respectfully submitted,

17                                              MORGAN, LEWIS & BOCKIUS LLP

18

19   By: *Joseph V. Quattrocchi*

20                                                  Joseph V. Quattrocchi

                                                Attorneys for Defendant
21

22   *JPMorgan Chase Bank, N.A., as
     tranferee of servicing from EMC
23   Mortgage LLC f/k/a EMC Mortgage
     Corp., erroneously sued as JPMorgan
24   Chase Bank successor by merger and/or
     acquisition of EMC Mortgage Corp., as
25   servicer for Bank of America, National
     Association as successor by merger to
26   LaSalle Bank National Association, as
     Trustee for Certificateholders of Bear
27   Stearns Asset Backed Securities, LLC,
     Asset-Backed Certificates, Series 2007-
28   HE3*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 25291158.1

19

MOTION TO DISMISS
8:14-CV-01341-JVS-JCG